UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ARMIDA OCHOA and SILVIA BARRAZA, | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO. |
| VS. | ) ) | 3:20-CV-0379-G |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION AND ORDER

Before the court are cross motions of the defendant United States of America ("United States") and the plaintiff Armida Ochoa ("Ochoa") to exclude and strike expert testimony.  *See* Defendant's Motion to Exclude Expert Testimony and to Strike Non-Retained Experts' Disclosures Regarding Causation and Future Medical Expenses ("Motion") (docket entry 36); Plaintiff's Motion to Exclude "Bony Excrescence" Opinions of Defense Expert James Walter, II and Brief in Support ("Ochoa's Motion") (docket entry 55).  For the reasons set forth herein, the United States' motion is granted in part and denied in part and Ochoa's motion is denied.

I.  BACKGROUND

This is a Federal Tort Claims Act case stemming from an automobile collision involving the plaintiffs and a United States Postal Service ("USPS") mail carrier in April of 2018.[1]  *See* Plaintiffs' First Amended Complaint ("Complaint") (docket entry 8) at 2; Motion at 1.  The suit was filed in February of 2020.  Since that time, the parties have conducted discovery and now both the discovery cut-off and the deadline to file dispositive motions has passed.  On December 28, 2020, the plaintiffs filed their designation of expert witnesses.  Plaintiffs' Designation of Expert Witnesses ("Designation") (docket entry 29).  The designation listed a series of medical professionals as "non-retained expert witnesses" who purportedly treated the plaintiffs following the accident.  See *id*.  Apparently, the plaintiffs did not provide any expert reports, and all of the designations were accompanied by the following disclosure:

> Treated Plaintiff . . . Custodian–Knowledge of Medical Records and Billing . . . Physicians who treated Plaintiff and custodian of records.  Expected to testify as to the nature and extent of the injuries suffered by Plaintiff.  Further expected to testify as to their skills and qualifications and render expert medical opinions in this case.  Further expected to testify that the injuries sustained by Plaintiff are of the type that could be suffered as a result of the type of incident occurring as that made the basis of this lawsuit and that in all medical probability, Plaintiff was injured as a result of the incident made the basis of this lawsuit.  Further expected to testify

---

[1]     A more complete factual background is detailed in the court's memorandum opinion and order on the United States' motion for partial summary judgment.

> as to the reasonableness and necessity of the medical services provided to Plaintiff as well as the charges for such services. Any deposition of these treating physicians taken in this case is hereby incorporated herein for any and all purposes. As these experts are not retained by Plaintiff, pursuant to Rule 194(f)(3), please see the medical records of Plaintiff for further information as to the impressions and opinions of these physicians and the basis for such opinions.

*Id*. Based on the briefs as well as the appendices attached to them by both the plaintiffs and the United States, medical records from these physicians were provided to the United States. *See* Plaintiff's Response to Defendant's Motion to Exclude Expert Testimony and to Strike Non-Retained Expert Disclosures Regarding Causation and Future Medical Expenses and Brief in Support ("Response") (docket entry 45), Exhibit 7 (United States' designated expert, Dr. James C. Walter ("Walter")'s expert report detailing the medical records he reviewed in preparing the report.).

Meanwhile, on January 8, 2021, the United States produced its expert report prepared and authored by Dr. James C. Walter II. *See* Ochoa's Motion at 1. In this report, Dr. Walter summarized the medical records he reviewed and provided a "statement of opinions, basis, and reasons." Response, Exhibit 7-6. Dr. Walter concluded, based on his review of the medical records, that Ochoa "has a chronic rotator cuff tear that predated the motor vehicle accident of April 18, 2018." *Id*. at Exhibit 7-7. Dr. Walter was deposed on April 29, 2021, after the discovery deadline of April 8, 2021. *See* Ochoa's Motion at 2.

The plaintiffs filed an amended expert witness designation which was largely unchanged except for details regarding the testimony of Dr. Terry Gemas ("Gemas").[2] *See* Plaintiff's First Amended Designation of Expert Witnesses ("Amended Designation") (docket entry 43-1). Dr. Gemas appears to have been deposed on April 1, 2021. *See* Response, Exhibit 4.

On April 8, 2021, before the amended designation was filed, the United States filed the instant motion to exclude and strike. The United States argues that

---

[2] That designation now reads:
Physicians who treated Armida Ochoa and custodian of records. Expected to testify as to the nature and extent of the injuries suffered by Armida Ochoa. Further expected to testify as to their skills and qualifications and render expert medical opinions in this case. Dr. Gemas, a board-certified orthopedic surgeon, is expected to testify that the rotator cuff injury sustained by Armida Ochoa was caused by or aggravated by the car wreck at issue in this case. Dr. Gemas is further expected to testify as to the reasonableness and necessity of the medical services provided to Armida Ochoa as well as the charges for such services. Dr. Gemas is expected to testify that the "joint effusion" found on the MRI of the right shoulder and the timing of the complaints of pain, and the lack of any noted atrophy of the muscles of the shoulder all fit logically that the car wreck at issue in this case was the cause of the rotator cuff tear, or at least an aggravation of pre-existing pathology on the shoulder. In other words, there is a probability that there was a pre-existing tear of the right rotator cuff which was aggravated or worsened by the car wreck at issue in this case. Dr. Gemas is also expected to testify that Ms. Ochoa needs surgery for the right rotator cuff tear. The cost for the right shoulder arthrosporic rotator cuff repair and acromioplasty would be $62,449.47. This includes the surgeon's fees, the anesthesiologist's fees and the facility's fee. Any deposition of these treating physicians taken in this case is hereby incorporated herein for any and all purposes, specifically the deposition of April 1, 2021 deposition Dr. Gemas. As Dr. Gemas is not retained by Armida Ochoa, please see the medical records of Armida Ochoa for further information as to the impressions and opinions of these physicians and the basis for such opinions.

Amended Designation at 4.

plaintiffs's disclosures failed to comply with either Federal Rules of Civil Procedure 26(a)(2)(b) or (c), and thus "moves to exclude expert testimony on the proximate cause of Ochoa's rotator-cuff tear and on Plaintiffs' future medical expenses." Motion at 6. The United States simultaneously filed a motion for partial summary judgment "limiting damages to past medical expenses," arguing in part that the plaintiffs cannot prove anything else without the expert testimony that the United States seeks to exclude. *See generally* Brief in Support of Defendant's Motion for Partial Summary Judgment Limiting Damages to Past Medical Expenses ("Summary Judgment Motion") (docket entry 39). The plaintiffs responded to both motions on April 28, 2021. *See* Response; Plaintiff's Response to Defendant's Motion for Partial Summary Judgment and Brief in Support (docket entry 44). The United States filed replies for both motions on May 12, 2021. *See* Defendant's Reply to Support Motion to Exclude Expert Testimony and to Strike Non-Retained Experts' Disclosures Regarding Causation and Future Medical Expenses ("Reply") (docket entry 49); Reply in Support of Defendant's Motion for Partial Summary Judgment Limiting Damages to Past Medical Expenses (docket entry 50).

Subsequently, Ochoa filed a motion to exclude one of the bases of Dr. Walter's expert testimony. *See* Ochoa's Motion. The United States responded on May 27, 2021. *See* Defendant's Response to Plaintiff's Motion to Exclude ("U.S. Response") (docket entry 57). Ochoa did not reply. The cross motions are therefore fully

briefed and ripe for decision.

## II. ANALYSIS

Rule 26(a)(2) of the Federal Rules of Civil Procedure lays out the disclosure obligations of parties seeking to use expert witness testimony. FED. R. CIV. P. 26(a)(2). Rule 26(a)(2)(B) requires a party to supplement its expert witness disclosure with "a written report–prepared and signed by the witness–if the witness is one retained or specially employed to provide expert testimony in the case . . . ." *Id*. This report must include information such as the opinions of the witness, the facts or data considered by the witness, exhibits, and the witness's qualifications. See *id*. Rule 26(a)(2)(C) states that where an expert is not required to provide a report, the disclosure must still provide "a summary of the facts and opinions to which the witness is expected to testify." *Id*.

A party's failure to comply with these obligations is governed by Rule 37(c), which authorizes the court to impose "sanctions on a disobedient party by refusing to allow that party to introduce designated matters into evidence." *Barrett v. Atlantic Richfield Company*, 95 F.3d 375, 380 (5th Cir.1996). "[T]he courts have discretion in general about whether and how to impose sanctions under Rule 37, and this flexibility does not disappear entirely when exclusion is sought under Rule 37(c)(1). Creative alternative sanctions are possible . . . admission of material improperly withheld [is] permissible." 8B WRIGHT & MILLER, FEDERAL PRACTICE AND

PROCEDURE § 2289.1 (3rd ed.); see also *Texas A&M Research Foundation v. Magna Transportation, Inc.*, 338 F.3d 394, 402 (5th Cir. 2003).  A district court's discretion in these matters is "broad" and "considerable," and will only be reversed in "unusual and exceptional cases."  *Sierra Club, Lone Star Chapter v. Cedar Point Oil Company Inc.*, 73 F.3d 546, 569 (5th Cir.) (citations omitted), *cert. denied*, 519 U.S. 811 (1996).  The court must consider the following four factors in deciding whether to impose sanctions and what sanctions to impose: (1) the explanation for the failure to disclose; (2) the importance of the evidence; (3) potential prejudice to the opposing party; and (4) the availability of a continuance to cure such prejudice.  See *Betzel v. State Farm Lloyds*, 480 F.3d 704, 707-09 (5th Cir. 2007) (finding an abuse of discretion where "the extreme end of the sanction spectrum [exclusion] was imposed against the lowest end of the prejudice spectrum.").

      The plaintiffs appear to concede that they have not provided any expert reports.  *See generally* Response.  Ochoa does argue that Gemas qualifies for the "treating physician" exception to the report requirement.  See *id*. at 3-5.  Neither plaintiff makes any argument regarding the rest of the designated experts.  The United States argues that Gemas does not qualify for the "treating physician" exception, and that, even if he did, Ochoa did not comply with the Rule 26(a)(2)(C) requirement that the disclosure provide a "meaningful summary of the facts and opinions to which the witness is expected to testify."  Motion at 6 (citing *Retractable*

*Technologies, Inc. v. Becton, Dickinson and Company*, No. 2:08–CV–16–LED–RSP, 2013 WL 4776189, at *2 (E.D. Tex. Sept. 6, 2013)) (internal quotations omitted).  Thus, the court must decide the following questions: (1) Does Gemas qualify as a treating physician, and if so, did Ochoa adequately comply with Rule 26 (a)(2)(C); (2) If not, should the testimony be allowed pursuant to the four-factor test from *Betzel*; and (3) should the rest of the designated experts be treated differently?  The court will first apply the four-factor test to Gemas's testimony because, as will be shown, his testimony ought to be admitted, rendering the other questions unnecessary as to him.  The court will then turn to the rest of the designated experts.

### A. Dr. Gemas's Testimony

#### 1. *Explanation for the Failure to Disclose*

Ochoa offers the following explanation for failing to comply with her disclosure obligations: "counsel very rarely practices in federal court and simply designated Dr. Gemas and other treating physicians the way it is done in state court . . . Plaintiff stands by the fact that it never officially retained Dr. Gemas as a retained testifying expert . . . In state court, such an expert remains non-retained and his opinions are contained in the medical records."  Response at 7-8.  First, Ochoa cannot get very far by blaming counsel.  "[L]itigants are bound by the actions of their chosen counsel." *Graham v. Dallas Independent School District*, No. 3:04-CV-2461-B, 2006 WL 2468715, at *2 (N.D. Tex. Aug. 24, 2006) (Boyle, J.) (citing *Link v. Wabash Railroad Company*,

370 U.S. 626, 633-34 (1962) ("[petitioner] cannot now avoid the consequences of the acts and omissions of this freely selected [attorney]."). Second, the explanation itself is unpersuasive. If counsel was so inexperienced practicing in federal court, the court would expect counsel to have redoubled his efforts to understand federal procedure rather than assuming federal and state procedure were identical. Therefore, the court does not accept Ochoa's explanation for not complying with Rule 26, and this factor weighs in favor of exclusion.

### 2. *Importance of the Evidence*

Simply put, Gemas's testimony is important to this case. Gemas's testimony is proffered to establish two of the four elements necessary to Ochoa's negligence claim: causation and damages. In particular, the court does not understand the United States' argument to be that Ochoa could still establish cause through another witness.[3] Further, the United States clearly is not conceding causation in this action. *See* Reply at 6. Thus, the court disagrees that excluding Gemas's testimony "merely reduces [Ochoa's] potential damages." *Id*. Gemas's testimony cuts to the heart of the matter: whether the United States *caused* the harm for which Ochoa now seeks compensation. This factor thus weighs against exclusion.

### 3. *Potential Prejudice in Allowing the Testimony*

---

[3] In fact, that appears to be the central argument of the United States' motion for partial summary judgment. *See* Summary Judgment Motion at 5-7.

The court largely concurs with Ochoa on this factor. Akin to *Betzel*, the United States' grievances on this factor "better reflects the case law than the record." *Betzel*, 480 F.3d at 708. Gemas was timely noticed. See *BCC Merchant Solutions, Inc. v. JetPay, LLC*, No. 3:12-CV-5185-B, 2016 WL 3264283, at *3 (N.D. Tex. Feb. 19, 2016) (Boyle, J.) ("[T]here is no indication that Defendants suffered any prejudice by the late designation because BCC gave notice of its intent to proffer Daniels as a damages expert by listing him in the November Report, which was timely disclosed."). The United States has its own expert witness, Dr. James Walter II ("Walter"), who has prepared a report in which he made findings with full use of Gemas's medical records. *See* Response, Exhibit 7. Further, Walter was present at Gemas' deposition to assist the United States. *See* Sealed Appendix to Support Defendant's Motion for Partial Summary Judgment (docket entry 42) at MSJApp. 42-43. The United States' summary judgment motion relies heavily on Walter's testimony. *See* Summary Judgment Motion at 7-8. This is not a case where the United States was "prejudiced [in its] ability to select and prepare [its] own experts and to conduct even general discovery,"[4] or forced "to adjust its strategy just before trial, which it developed on the justifiable assumption (based on Plaintiff's earlier witness lists) that Plaintiff was not seeking to have any medical experts testify."

---

[4] *Thomas v. Hunt County, Texas*, No. 3:10-CV-2401-M, 2011 WL 2412957, at *3 (N.D. Tex. June 15, 2011) (Lynn, J.).

*Mascorro v. Wal-Mart Stores, Inc.*, No. EP-15-CV-00112-FM, 2016 WL 10536037, at *4 (W.D. Tex. April 7, 2016). The United States is not prejudiced, thus Gemas should be allowed to testify.

4. *Availability of a Continuance to Cure any Prejudice*

Because the court has determined there is no prejudice, there is no need to consider this factor.

In sum, Gemas' testimony is important and allowing him to testify will not prejudice the United States. Thus, the United States' motion to exclude the testimony of Gemas is denied.

B. Ochoa's Other Designated Experts

On the other hand, the calculus points decidedly towards excluding the rest of Ochoa's designated experts. The court notes, as the United States does, that Ochoa did not respond to the United States' arguments regarding any other designated expert. In essence, Ochoa has conceded that those experts should not be allowed to testify. Re-application of the four-factors confirms this result.

The court has already explained why Ochoa's proffered explanation is inadequate. Because Ochoa has not clarified the nature of these experts' testimony beyond the boilerplate language from her initial disclosure, the court cannot assess one way or another the importance of the witnesses' opinions. In the same vein, the United States has little information about their potential opinion testimony, making

-11-

prejudice an almost certainty. Lastly, the court concludes that continuing this case to cure the prejudice is unwise. Ochoa apparently does not want a continuance for the sake of using these witnesses. The court can only guess as to the extent of extra discovery needed given Ochoa's lack of argument. And, a continuance under these circumstances would flout the Fifth Circuit's warning that "a continuance would not deter future dilatory behavior, nor serve to enforce local rules or court imposed scheduling orders." *Betzel*, 480 F.3d at 709 (quoting *1488, Inc. v. Philsec Investment Corporation*, 939 F.2d 1281, 1289 (5th Cir. 1991)). Thus, the court grants the United States' motion as to the remainder of Ochoa's designated experts.[5]

### C. Barraza's Designated Experts

The court has separately issued an order granting the United States' motion for partial summary judgment to limit Barraza's damages to past medical expenses. The United States' motion to exclude Barraza's designated experts is thus mooted by that order.

### D. Ochoa's Motion to Exclude

At the outset, it should be noted that it's unclear whether the Ochoa's motion is a motion to exclude for not complying with the Federal Rules of Civil Procedure or a motion to exclude based on *Daubert*[6] and its progeny, or both. If it is a *Daubert*

---

[5] To clarify, those witnesses may obviously testify as fact witnesses. The court is only excluding their expert opinion testimony.

[6] *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

challenge, the court is disinclined to take up that challenge at this time. The traditional procedure for deciding *Daubert* questions is via a hearing. See *Goebel v. Denver & Rio Grande Western Railroad Company*, 215 F.3d 1083, 1087 (10th Cir. 2000) ("[t]he most common method for fulfilling this function [of gatekeeper] is a *Daubert* hearing."). Furthermore, "[m]ost of the safeguards provided for in *Daubert* are not as essential in a case such as this where a district judge sits as the trier of fact in place of a jury." *Gibbs v. Gibbs*, 210 F.3d 491, 500 (5th Cir. 2000). This will be a bench trial. *See* Order (docket entry 31). Thus, the court concludes that any *Daubert* questions can and should be fully settled through pre-trial *in limine* filings and *Daubert* style testimony at the time of trial.

If Ochoa seeks exclusion for improper expert disclosures, the court concludes such a motion should be denied. As a preliminary matter, Ochoa seeks to strike only a single basis for Walter's opinion, not the opinion. The court is wary that such a maneuver is even contemplated by the federal rules. Ochoa did not cite any case law examples, and the court's own research has not found any, either. If Ochoa is not seeking exclusion of the opinion/conclusion(s) of Walter, the court is unsure what relief it can grant her.[7]

That said, the court will address Ochoa's concerns. Rule 26(a)(2)(B) requires

---

[7] This relates to the court's inkling that Ochoa is really bringing a *Daubert* challenge, which can be addressed in pre-trial filings and/or at trial.

a party seeking to use expert testimony from a retained witness to produce a report containing the following disclosures, among others: "(i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them . . ." FED. R. CIV. P. 26(a)(2)(B)(i) and (ii).

Walter's report states, "in my opinion, in reasonable medical probability, Ms. Ochoa has a chronic rotator cuff tear that predated the motor vehicle accident . . . the accident in question did not cause the rotator cuff tear[,]" the bases/reasons for this conclusion, "based on the fact that asymptomatic rotator cuff tears are relatively common in individuals in their 60s, no evidence of emergency room urgent care evaluation, and right shoulder x-ray and MRI findings consistent with chronic rotator cuff tear (as indicated by, among other things, significant sclerosis/ bony excrescence of the greater tuberosity)," and a full catalogue of the records reviewed. *See* Ochoa's Motion, Exhibit A. In other words, the report contains Walter's opinions, bases, and the facts/data reviewed to come to those conclusions. The court is thus inclined to conclude that Walter's report complies with Rule 26.

Ochoa's complaint is that the "bony excrescence" opinion is "purely conclusory, unsupported by any explanation or even evidence. Dr. Walter does not describe or explain how bony excrescence causes or is caused by a torn rotator cuff . .

. ." *Id*. at 4.[8]  Again, the court is unsure whether this is an argument about proper disclosures or a *Daubert* argument.  It reads like Ochoa challenges whether bony excrescence is a valid indicator of chronic rotator cuff tears.  That would be more appropriate for a *Daubert* motion and hearing.  Regardless, even if the United States did not adequately disclose Dr. Walter's opinion(s), it was a harmless error.  See *Wilson v. Home Depot U.S.A., Inc.*, No. 3:12–CV–5292–B, 2014 WL 1882024, at *2 (N.D. Tex. May 12, 2014) (Boyle, J.) ("'The Court has broad discretion in deciding whether a violation of Rule 26(a) is substantially justified or harmless.'") (quoting *Barrett v. Atlantic Richfield Company*, 95 F.3d 375, 380 (5th Cir.1996)).  Ochoa attaches the portions of Walter's deposition to her motion in which he explains "a chronic rotator cuff tear causes changes in the bone, not the reverse.  Changes to the bone don't cause a rotator cuff tear . . . In this case, the rotator cuff tear causes the changes in the bone, in my experience." *See* Ochoa's Motion, Exhibit B-4.  So, Walter answered for Ochoa whether "bony excrescence causes or is caused by a torn rotator cuff," and explained "what causes bony excrescence . . . ." *Id*. at 4.

Ochoa's next complaint is that her attorney could not get Walter to physically identify where on an X-ray he sees bony excrescence during his deposition.  See *id.* at 5.  That kind of "granular detail", however, is not required under Rule 26.  See

---

[8] Ochoa did not paginate her motion, so pinpoint citations refer to the ECF header.

*Bazarian International Financial Associates, LLC v. Desarrollos Aerohotelco, C.A.*, 315 F.Supp.3d 101, 115 (D.D.C. 2018) ("Rule 26(a)(2)(B) does not, however, require an expert to identify the facts or data they considered in such granular detail . . ."); see also Wright & Miller, *supra*, § 2031.1 ("The Advisory Committee Notes explain that the report is intended to set forth the substance of the direct examination.") (internal quotations omitted). What matters is whether Ochoa is protected against "unfair surprise" at trial. See *Heller v. District of Columbia*, 801 F.3d 264, 270 (D.C. Cir. 2015). Ochoa is clearly on notice that Walter will testify about bony excrescence that he observed in her X-rays (in other words, the substance of his direct examination). Further, the United States "identified six specific images most illustrative of Dr. Walter's opinion . . . ." U.S. Response at 8-9. Obviously, Ochoa and her designated expert Dr. Gemas disagree with this finding. Dr. Gemas can attest to his disagreement on the stand and Ochoa can probe Dr. Walter's opinions via "[v]igourous cross-examination . . . the traditional and appropriate means of attacking . . . admissible evidence." *Daubert*, 509 U.S. at 596. A "battle of the experts" is nothing new for the federal courts. See *City of Pomona v. SQM North America Corporation*, 750 F.3d 1036, 1049 (9th Cir.) ("A factual dispute is best settled by a battle of the experts before the fact finder, not by judicial fiat. Where two credible experts disagree, it is the job of the fact finder . . . to determine which source is more credible and reliable."), *cert. denied*, 574 U.S. 1060 (2014); see also *Foster v.*

*Principal Life Insurance Company*, 920 F.3d 298, 307 (5th Cir. 2019) (quoting *Corry v. Liberty Life Assurance Company of Boston,* 499 F.3d 389, 401 (5th Cir. 2007)). Ochoa is in a position to have Dr. Gemas explain what he sees on the X-rays and note any lack of bony excrescence, contradicting Dr. Walter. The court, as fact finder, will then have the job of deciding whose opinion is more credible.

## III.  CONCLUSION

For the reasons stated above, the United States' motion to exclude and strike expert testimony is **GRANTED** in part and **DENIED** in part. The motion is denied as to Ochoa's expert Dr. Gemas and granted as to the rest of Ochoa's designated experts. The motion is mooted as to Barraza's designated experts. Further, Ochoa's motion is **DENIED**.

**SO ORDERED.**

August 20, 2021

_____
**A. JOE FISH**
**Senior United States District Judge**