UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ARMIDA OCHOA and SILVIA BARRAZA, | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO. |
| VS. | ) ) | 3:20-CV-0379-G |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the United States of America ("United States")'s Rule 56 motion for partial summary judgment limiting the damages of plaintiffs Armida Ochoa ("Ochoa") and Silvia Barraza ("Barraza") to past medical expenses. *See* Defendant's Motion for Partial Summary Judgment Limiting Damages to Past Medical Expenses (docket entry 38); Brief in Support of Defendant's Motion for Partial Summary Judgment Limiting Damages to Past Medical Expenses (docket entry 39) ("Motion"). For the reasons set forth below, the motion is granted in part and denied in part.

-1-

I.  BACKGROUND

A.  Factual Background

In April 2018, the plaintiffs were involved in a two-vehicle accident with a United States Postal Service ("USPS") mail carrier truck.  *See* Motion at 1.  Ochoa was driving her van and Barraza was a passenger in the front seat.  See *id*.  While attempting to make a left turn, the USPS vehicle collided with Ochoa's van.  See *id*.  The impact purportedly turned Ochoa's vehicle around 180 degrees.  *See* Plaintiff's Response to Defendant's Motion for Partial Summary Judgment and Brief in Support ("Response") (docket entry 44) at 2.  No one involved in the accident sought immediate medical care.  *See* Motion at 2.  However, Ochoa did say to witnesses at the scene that she felt dizzy and unwell.  *See* Sealed Appendix to Support Defendant's Motion for Partial Summary Judgement ("United States's Appendix") (docket entry 42) at 4-5.

Shortly after the accident, Ochoa began experiencing shoulder pain, prompting her to see a healthcare provider on April 30, 2018.  *See* Response at 2.  After visiting chiropractors and receiving physical therapy, Ochoa was still experiencing pain in her right shoulder, so she visited an orthopedic surgeon, Dr. Terry Gemas.  *See* Response at 2; Motion at 2.  After examining an MRI of Ochoa's shoulder, Dr. Gemas determined that she had a full-thickness tear of her supraspinatus rotator cuff and recommended surgery.  *See* Motion at 2; Response at 2-3.  Nonetheless, Ochoa

indicated that she had "no interest whatsoever" in going forward with surgery at that time.  United States's Appendix at 31.  Ochoa later explained that she "didn't want surgery because [her] cardiologist had already told [her] that [she] could not have any type of major surgery," because of a heart attack she suffered in February 2018.  Response at 3, Exhibit 1-5.

B.  <u>Procedural Background</u>

On February 17, 2020, Ochoa and Barraza filed this Federal Tort Claims Act ("FTCA") lawsuit against the United States.  They alleged that the accident was caused by the negligence of the mail carrier driver, and that the United States is thus vicariously liable.  *See generally* Plaintiffs' First Amended Complaint ("Complaint") (docket entry 8).  The United States answered the complaint on June 8, 2020.  *See* Defendant United States of America's Original Answer ("Answer") (docket entry 13).

Following the close of the discovery period, the United States filed this motion for partial summary judgment and a motion to exclude and strike much of the plaintiffs's expert testimony.  *See generally* Motion; Defendant's Motion to Exclude Expert Testimony and to Strike Non-Retained Experts' Disclosures Regarding Causation and Future Medical Expenses ("Motion to Exclude") (docket entry 36).[1] Ochoa responded to both on April 28, 2021.  *See* Plaintiff's Response to Defendant's

---

[1]    The court has issued a memorandum opinion and order deciding the motion to exclude as well as Ochoa's motion to exclude.

Motion to Exclude Expert Testimony and to Strike Non-Retained Expert Disclosures

Regarding Causation and Future Medical Expenses and Brief in Support (docket

entry 45); Response.  The United States replied to both on May 12, 2021.  *See*

Defendant's Reply to Support Motion to Exclude Expert Testimony and to Strike

Non-Retained Experts' Disclosures Regarding Causation and Future Medical

Expenses (docket entry 49); Reply in Support of Defendant's Motion for Partial

Summary Judgment Limiting Damages to Past Medical Expenses ("Reply") (docket

entry 50).  The motion for partial summary judgment is therefore fully briefed and

ripe for decision.

## II.  ANALYSIS

### A.  Summary Judgment Legal Standard

Summary judgment is proper when the pleadings, depositions, admissions,

disclosure materials on file, and affidavits, if any, "show[ ] that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of

law."  FED. R. CIV. P. 56(a), (c)(1).[2]  A fact is material if the governing substantive

law identifies it as having the potential to affect the outcome of the suit.  *Anderson v.*

*Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  An issue as to a material fact is

---

[2]     Disposition of a case through summary judgment "reinforces the purpose of the Rules, to achieve the just, speedy, and inexpensive determination of actions, and, when appropriate, affords a merciful end to litigation that would otherwise be lengthy and expensive."  *Fontenot v. Upjohn Company*, 780 F.2d 1190, 1197 (5th Cir. 1986).

-4-

genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*; see also *Bazan ex rel. Bazan v. Hidalgo County*, 246 F.3d 481, 489 (5th Cir. 2001) ("An issue is 'genuine' if it is real and substantial, as opposed to merely formal, pretended, or a sham."). To demonstrate a genuine issue as to the material facts, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Company v. Zenith Radio Corporation*, 475 U.S. 574, 586 (1986). The nonmoving party must show that the evidence is sufficient to support the resolution of the material factual issues in her favor. *Anderson*, 477 U.S. at 249 (citing *First National Bank of Arizona v. Cities Service Company*, 391 U.S. 253, 288-89 (1968)).

When evaluating a motion for summary judgment, the court views the evidence in the light most favorable to the nonmoving party. *Id.* at 255 (citing *Adickes v. S.H. Kress & Company*, 398 U.S. 144, 158-59 (1970)). However, it is not incumbent upon the court to comb the record in search of evidence that creates a genuine issue as to a material fact. See *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). The nonmoving party has a duty to designate the evidence in the record that establishes the existence of genuine issues as to the material facts. *Celotex Corporation v. Catrett*, 477 U.S. 317, 324 (1986). "When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district

-5-

court." *Malacara*, 353 F.3d at 405.

## B. <u>Application</u>

The nonmoving party's burden on summary judgment is not onerous. "The party opposing summary judgment is required to identify specific evidence in the record *and to articulate the precise manner in which that evidence supports his or her claim*." *Diaz v. Kaplan Higher Education, L.L.C.*, 820 F.3d 172, 176 (5th Cir. 2016) (quoting *Ragas v. Tennessee Gas Pipeline Company*, 136 F.3d 455, 458 (5th Cir. 1998)) (emphasis in original); *see also* 10A WRIGHT, MILLER, AND KANE, FEDERAL PRACTICE & PROCEDURE § 2727.2 (4th ed) ("The burden on the nonmoving party is not a heavy one; the nonmoving party simply is required to show specific facts, as opposed to general allegations, that present a genuine issue worthy of trial.").

The plaintiffs's complaint sought a broad spectrum of damages for both Ochoa and Barraza, including past and future medical expenses, past and future pain and suffering, loss of past and future earnings, past and future physical impairment, and property damage. *See* Complaint at 4-5. The government brought a partial summary judgment motion regarding every category of damages except past medical expenses. *See generally* Motion. When the nonmovant on summary judgment bears the ultimate burden of proof at trial, the movant need only point to an absence of evidence, shifting to the nonmovant the burden of demonstrating that there is an issue of material fact warranting a trial. See *Klocke v. University of Texas at Arlington*, 938 F.3d

204, 209 (5th Cir. 2019), *cert. denied*, 140 S. Ct. 1268 (2020); Wright & Miller, *supra*, § 2727.1 ("[A]s established in *Celotex*, it is not necessary for the movant to introduce any evidence . . . at least in cases in which the nonmoving party will bear the burden of proof at trial. [They need only show that the nonmovant] has insufficient evidence to prevail . . . forcing the [nonmovant] to come forward with some evidence . . . ."). While the government made more detailed arguments regarding Ochoa's future medical expenses, the broadest argument it made was the plaintiffs's lack of evidence. "D. *Plaintiffs* provide no evidence of damages except past medical expenses . . ." Motion at 9 (emphasis added). The burden thus shifted to *both* Ochoa and Barraza to "to identify specific evidence in the record and to articulate the precise manner in which that evidence supports [their] claim." *Diaz*, 820 F.3d 176.

Unfortunately, the plaintiffs failed to meet this burden. They admit as much regarding Barraza when they say "[w]hile there are two Plaintiffs, only Plaintiff Armida Ochoa's case is implicated by the Defendant's Motion for Summary Judgment so only Plaintiff Armida Ochoa will be referred to in this response." Response at 1 n.1. If only saying it so made it so. In reality, the motion for summary judgment plainly implicated both plaintiffs. Since Barraza has all but admitted that she did not respond to the motion, partial summary judgment must be granted to the government with respect to Barraza's claims.

-7-

The same is largely true regarding Ochoa.  The six page response brief from the plaintiffs contained almost no argument.  It largely quoted from Dr. Gemas' deposition and then concluded with one sentence of argument: "In other words, Dr. Gemas is qualified to testify on shoulder injuries and its his expert opinion that the car wreck at issue aggravated a pre-existing injury causing the need for right shoulder rotator cuff repair."  Response at 7.  This is an argument tailored towards one category of damages, future medical expenses.  That leaves every other category un-supported by any cited evidence or argument.  Thus, partial summary judgment must also be granted to the government on every category of Ochoa's damages except past and future medical expenses.

Ochoa does, though just barely, carry her summary judgment burden regarding future medical expenses.  "Texas follows the 'reasonable probability rule' for future damages for personal injuries . . . to recover future medical expenses, a plaintiff must show that there is a reasonable probability that expenses resulting from the injury will be necessary in the future and the reasonable costs of such care."  *Doctor v. Pardue*, 186 S.W.3d 4, 20 (Tex.App.–Houston [1st Dist.] 2005, pet. denied) (quoting *Rosenboom Machine & Tool, Inc. v. Machala*, 995 S.W.2d 817, 828 (Tex.App.–Houston [1st Dist.] 1999, pet. denied)). Between the deposition testimony of Dr. Gemas and Ochoa, Ochoa has demonstrated a triable issue of fact regarding future medical

-8-

expenses.[3]

Ochoa's theory is that the accident aggravated/worsened an existing though asymptomatic chronic rotator cuff tear. *See* Response at 5-7. Further, it is this aggravation that created the need for surgery. See *id*. Under Texas law, "a plaintiff may recover medical damages proximately caused by a tortious event that aggravated a pre-existing medical condition." *Wal-Mart Stores Texas, LLC v. Autrey*, 2021 WL 1216890, at *10 (Tex.App–Texarkana Apr. 1, 2021, no pet.) (citing *Wal-Mart Stores Texas, LP v. Crosby,* 295 S.W.3d 346, 352-53 (Tex.App.–Dallas 2009, pet. denied)). The parties dispute whether the accident did in fact aggravate Ochoa's preexisting injury, both relying on the testimony of competent expert witnesses. This is a classic "battle of the experts" best left for trial where the trier of fact can listen to the testimony and make its own determination about who is correct. Thus, the government's motion for partial summary judgment regarding Ochoa's future medical expenses is denied.

---

[3]    One of the bases for the government's motion was that Ochoa's expert testimony should be excluded, and without expert testimony, she cannot establish the need for future medical expenses. *See* Motion at 4-7. However, the court decided that Dr. Gemas' opinions should not be excluded in the court's memorandum opinion and order regarding the United States's motion to exclude.

### III.  <u>CONCLUSION</u>

For the reasons stated above, the United States's partial motion for summary judgment is **GRANTED** in part and **DENIED** in part.  The motion is granted regarding all categories of damages for which it was sought against Barraza and all categories for which it was sought against Ochoa except future medical expenses.

**SO ORDERED.**

August 20, 2021

A. JOE FISH
**Senior United States District Judge**